UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE No.: 0:18-cv-60128

| | |
|---|---|
| ALEX SENS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>APPLE, INC.,<br><br>        Defendant. | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Alex Sens (hereinafter, "Plaintiff"), individually and on behalf of the Classes defined below, allege the following against Apple, Inc. ("Apple") based upon personal knowledge with respect to himself and on information and belief derived from, among other things, investigation of counsel and review of public documents as to all other matters:

**NATURE OF THE ACTION**

1.    Plaintiff brings this class action case against Apple for its failure to disclose that Apple has been purposely slowing down the processor of certain models of its iPhone and iPad devices ("Affected Devices") through its iOS 10 updates and iOS 11 updates (the "iOS updates") that were released on January 23, 2017 through December 13, 2017. On December 20, 2017,

Apple confirmed that the company had in fact been slowing the performance of these iPhone and iPad devices.

2. The following iPhone models support and are compatible with the iOS updates and have been affected by the iOS updates: iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7 and iPhone 7 Plus ("Affected iPhones").

3. The following iPad models support and are compatible with the iOS updates and have been affected by the iOS updates: 12.9-inch iPad Pro (2nd generation), 12.9-inch iPad Pro (1st generation), 10.5-inch iPad Pro, 9.7-inch iPad Pro, iPad air 2, iPad Air, iPad (5th generation), iPad (4th generation), iPad mini 4, iPad mini 3, iPad mini 2 ("Affected iPads").

4. On December 20, 2017, Apple confirmed in a statement that the company's iOS updates have, in fact, slowed the performance of iPhones devices, interfered with their normal usage, and limited their performance under certain conditions to prevent class iPhones from reaching their full processing power in an effort to protect the devices from the effects of battery degradation.

5. Instead of enhancing the performance of the Affected devices through iOS updates which are compatible and supportive of the devices' operating systems, as Apple had represented, Apple distributed iOS updates which significantly and negatively interfered with the Affected Devices performance, including the slowing of the Affected iPhones and Affected iPads to the point of significant lag time and/or interference of ordinary use. Moreover, by failing to disclose previously that it was intentionally slowing down performance of older devices to compensate for and protect devices from the damaging effects of battery degradation, Apple disregarded the rights of Plaintiff and members of the proposed classes in order to push people to upgrade their iPhones and iPads faster. In doing so, it also intentionally failed to inform class iPhone owners of better

ways to safely and efficiently use their phones with aging batteries, such as replacing the battery of an older iPhone

6. As a result of Defendant's wrongful actions, Plaintiff and members of the proposed class have been injured.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. There are more than 100 putative class members. And, at least some members of the proposed Class have a different citizenship from Apple.

8. This Court has personal jurisdiction over Apple because Apple is incorporated under the laws of the State of California and is headquartered in Cupertino, California.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Apple resides in this District and a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

**Plaintiff**

10. Plaintiff Alex Sens ("Plaintiff and/or Sens") is a resident of the State of Florida. Prior to purchasing his iPhone 7s, Sens owned and operated an iPhone 6s. Over time, Sens noticed significant slowdowns of the speed in the operation of his iPhone 6s as well as other operational issues that negatively affected the performance of his iPhone 6s after certain iOS updates were issued to his phone. Plaintiff dealt with iPhone randomly shutting off, freezing, automatically rebooting itself, slow performance, and a plethora of other issues. As a result of the diminished

performance of his iPhone 6s, Banks purchased the iPhone7. Presently, his iPhone 7 is experiencing the same slowdowns and operational issues that he experienced with his iPhone 6s.

**Defendant**

11.     Defendant Apple is a corporation that was created under the laws of the State of California and has its principal place of business in Cupertino, California.

## STATEMENT OF FACTS

12.     Apple periodically releases iOS updates for their iPhones and iPads to the public. Following iOS updates to the Affected Devices, Plaintiff and the putative class members began to experience significant slowdowns with their iPhones and iPads, delayed responses to touch interactions and application ("Apps") launches, and other performance problems.

13.     In early 2017 Apple iPhone owners of the iPhone 5, 6, 6s, and 6s Plus and 7 devices complained to Apple that their phones were spontaneously shutting down, even though they had sufficient battery. This usually occurred when the user was using your phone for something that required a burst of power — like in the middle of a game, or when downloading an app. In order to fix this bug, Apple introduced an update to its operating system software, iOS 10.2.1. This update fixed the shutdown issue in some cases but also slowed those iPhones down significantly causing Plaintiff and members of the proposed class to experience issues such as delays in typing in messages and the lag in the loading of emails to name just a few.

14.     In a Reddit post, in and around the second week in December, an iPhone user suggested that the iPhone battery might be to blame for the slowness problems. He stated the following:

> My iPhone 6S has been very slow these past few weeks, and even after updating multiple times, it was still slow. Couldn't figure out why, but just thought that iOS 11 was still awful to me. Then I used my brother's iPhone 6 Plus and his was... faster than mine? This is when I knew something was wrong. So, I did some

research, and decided to replace my battery. Wear level was somewhere around 20% on my old battery. I did a Geekbench score, and found I was getting 1466 Single and 2512 Multi. This did not change whether I had low power mode on or off. After changing my battery, I did another test to check if it was just a placebo. Nope. 2526 Single and 4456 Multi. From what I can tell, Apple slows down phones when their battery gets too low, so you can still have a full days charge. This also means your phone might be very slow for no discernible reason. Check your Geekbench scores and see what you get if your phone is still slow!

15. Following this Reddit post, John Poole, founder of Primate Labs and Geekbench developer, analyzed data of approximately 100,000 phones with different iOS versions. He looked at the versions before Apple fixed the bug and at versions after Apple fixed the bug and discovered that the phone processors slowed down after the system update and that the problem was widespread and "likely to get worse as phones (and their batteries) continue to age."

16. It took a viral Reddit post and an independent investigation by Poole for Apple to finally admit that Apple had intentionally slowed the performance of older iPhones stating the following on December 20, 2017:

> Our goal is to deliver the best experience for customers, which includes overall performance and prolonging the life of their devices. Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.
>
> Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.

17. In other words, Apple slowed down the processors in order to avoid overloading the batteries. While Apple's battery explanation may be legitimate, Apple was anything but forthcoming about the slower speeds until December 20, 2017 and failed to disclose that this diminished performance could be remedied by replacing the battery in older iPhone and iPad models.

18. Apple purposefully concealed, fraudulently omitted and/or failed to warn or disclose to owners of the Affected Devices that their iOS updates were intended to limit the maximum performance of some system components when needed to prevent a shutdown due to their degraded batteries. In doing such, Apple failed to warn or disclose to owners of the Affected Devices that their iOS updates were designed to slow launch times for apps and inevitably create reductions in the iPhones an iPads' many areas of performance.

19. Apple purposefully concealed, fraudulently omitted and/or failed to warn or disclose to owners of the Affected Devices that their iOS updates would or could significantly and negatively interfere with the Affected Devices' performance and ordinary functions.

20. Moreover, Apple repeatedly misrepresented the iOS updates, touting the new software's improvements, bug fixes, and security, while failing to disclose the negative aspects of the updates.

21. Apple also purposefully concealed, fraudulently omitted and/or failed to warn or disclose to owners of the Affected Devices that another contributor to the slowing of their phone performance is and/or was the continued chemical aging of their original and now degraded batteries, and that a battery replacement in older iPhone and iPad models could serve as a better remedy to the problem of phone shutdowns and degraded performance without the further slowing and interfering with performance that the iOS updates have caused.

22. Upon information and belief, Apple does not allow iPhone and iPad owners to revert their iOS updates, including the iOS 10 and iOS 11 updates, to previous, better functioning versions of iOS. However, Defendant does not warn the consumer that the update is irreversible.

23. Upon information and belief, Apple does not allow iPhone and iPad owners to revert their iOS updates, including the iOS 10 and iOS 11 Updates, to previous, better functioning versions of iOS. However, Defendant does not warn the consumer that the update is software.

24. Thus, following Apple's iOS updates, Plaintiff and owners of the Affected Devices are and/or were forced to either use a slowed and poor performing iPhone and iPad, or pay hundreds of dollars for a new iPhone and iPad.

25. Apple also purposefully concealed, fraudulently omitted and/or failed to disclose to owners of the Affected Devices the fact that a battery replacement – which cost approximately $65-79 – would improve the performance of older iPhones and iPads in order to require consumers to purchase newer iPhone and iPad models after their Affected Devices had slowed and prevented their ordinary phone use.

26. Had Plaintiff and putative class members been informed by Apple that a simple battery replacement would have improved the performance of their iPhones and iPads, Plaintiff would have chosen to replace their batteries which was clearly a more cost-effective method rather than upgrading to a new iPhone or iPad that was extremely costly.

27. In addition, Apple has failed now and in the past to give any explanation as to why their older iPhones and iPads become a lot more sluggish after a new iPhone or iPad model comes out. Apple's admissions demonstrate that Apple's practice to get iPhone and iPad users to upgrade to a new iPhones and iPads.

28. Apple's wrongful actions directly and proximately caused the interference and loss of value to Plaintiff and members of the proposed class's Affected devices causing them to suffer economic harm as well as other harm for which they are entitled to compensation for, including replacement of old iPhone and iPad; loss of use; loss of value; purchase of new batteries;

ascertainable losses in the form of deprivation of the value of their iPhone and iPad; and overpayment of their iPhones and iPads in that Plaintiff and members of the proposed class did not get what they paid.

## CLASS ALLEGATIONS

29. Plaintiff seeks relief on behalf of themselves and as representatives of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4), Plaintiff seeks certification of a Nationwide class defined as follows:

> All persons residing in the United States who (1) own or have owned an Affected Device model that is or was experiencing performance problems as a result of Apple's iOS updates or (2) have owned an Affected Device and have replaced them with a new device because they were experiencing performance problems as a result of Apple's iOS updates (the "Nationwide Class").

30. Pursuant to Fed. R. Civ. P. 23, and in the alternative to claims asserted on behalf of the Nationwide Class, Plaintiff asserts claims under the laws of Florida, and on behalf of similarly situated persons, defined as follows:

> All persons residing in Florida who (1) own or have owned an Affected Device that is or was experiencing performance problems as a result of Apple's iOS updates or (2) have owned an Affected Device and have replaced them with a new device because they were experiencing performance problems as a result of Apple's iOS updates (the "Statewide Classes").

31. Excluded from each of the above Classes are any of Apple's officers, directors and board members; all persons who make a timely election to be excluded from the Class; and the judges to whom this case is assigned and their immediate family.

32. Plaintiff hereby reserves the right to amend or modify the class definition with greater specificity or division after having had an opportunity to conduct discovery.

33. Each of the proposed Classes meets the criteria for certification under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4).

34. Numerosity. Fed. R. Civ. P. 23(a)(1). Consistent with Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff believes the proposed Class comprises millions of members. Class members may be identified through objective means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

35. Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). Consistent with Fed. R. Civ. P. 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual Class members. The common questions include:

   a. Whether Apple failed to disclose that its iOS updates caused slowdowns in older iPhone and iPad model's performance;

   b. Whether Apple interfered or otherwise lowered the use or value of older iPhone and iPad models; and

   c. Whether Apple's iOS modifications were implemented in order to profit from Plaintiff and other members of the proposed classes by inducing them to purchase new iPhones and iPads to replace their older iPhone and iPad models;

   d. Whether Apple is subject to liability for fraudulently concealing material facts from Plaintiff and other members of the proposed classes;

   e. Whether Apple's conduct constituted deceptive trade practices under state law;

    f.   Whether Apple was unjustly enriched as a result of its fraudulent conduct, such that it would be inequitable for Apple to retain benefits conferred upon it by Plaintiff and other members of the proposed classes;

    g.   Whether Plaintiff and the other members of the proposed classes were injured and suffered damages or other acceptable losses because of Apple's fraudulent behavior; and,

    h.   Whether Plaintiff and other members of the proposed classes are entitled to relief.

36.    **Typicality. Fed. R. Civ. P. 23(a)(3).** Consistent with Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of those of the other Class members. Plaintiff's damages and injuries are akin to the other Class members and Plaintiff seeks relief consistent with the relief of the Class.

37.    **Adequacy. Fed. R. Civ. P. 23(a)(4).** Consistent with Fed. R. Civ. P. 23(a)(4), Plaintiff is an adequate representative of the Class because Plaintiff is a member of the Class and is committed to pursuing this matter against Apple to obtain relief for the Class. Plaintiff has no conflict of interest with the Class. Plaintiff's Counsel are competent and experienced in litigating class actions, including privacy litigation. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the Class' interests.

38.    **Superiority. Fed. R. Civ. P. 23(b)(3).** Consistent with Fed. R. Civ. P23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to individual plaintiffs may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense required to individually litigate their claims against

Apple, and thus, individual litigation to redress Apple's wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

39. Injunctive and Declaratory Relief. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Defendant, through its uniform conduct, has acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

40. Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.

41. Finally, all members of the proposed Classes are readily ascertainable by records maintained by Apple. Using this information, the members of the Class can be identified and their contact information ascertained for purposes of providing notice to the Class.

## COUNT I
### FRAUDULENT CONCEALMENT

42. Plaintiff incorporates and re-alleges the allegations contained in the preceding paragraphs 1 through 41 as if fully set forth herein.

43. Prior to and at the time that Plaintiff and members of the proposed class decided to purchase an upgraded iPhone or iPad device, the Defendant knew and had full knowledge and

information that its iOS updates would slow down the performance of their older model iPhones and iPads that a simple battery replacement would improve the performance.

44. At all relevant times herein the Defendant, who had a duty to disclose the above information, intentionally concealed and/or failed to disclose the aforementioned material facts to the Plaintiff and members of the proposed class.

45. Plaintiff and members of the proposed class did in fact rely on the Defendant to disclose this information which the Plaintiff and members of the proposed classes were unaware of at the time of the purchase of their upgraded Affected Devices.

46. Had Defendant disclosed that their old iPhones could have easily been fixed with a replacement battery, Plaintiff and members of the proposed class would not have purchased new Affected Devices.

47. As a direct and proximate cause of the Defendant's material omissions, Plaintiff and members of the proposed class suffered ascertainable losses consisting of the purchase price of new Affected Devices.

WHEREFORE, Plaintiff and the other members of the Class are entitled to damages and injunctive relief, including costs of suit and reasonable attorneys' fees.

## COUNT II
### BREACH OF IMPLIED CONTRACT

48. Plaintiff incorporates and re-allege the allegations contained in the preceding paragraphs 1 through 41 as if fully set forth herein.

49. Plaintiff and members of the proposed class entered into implied contracts with Apple, when they purchased their Affected Devices, to which Apple agreed to not purposefully interfere with Plaintiff and members of the proposed class's usage or speed.

50.     Plaintiff and members of the proposed class fully performed their obligations under the implied contracts with Apple.

51.     Defendant breached the implied contracts it had made with the Plaintiff and members of the proposed class by purposefully slowing down older iPhone models and iPad models when new models came out and by failing to properly disclose that at the time the parties entered into an agreement.

52.     The damages to Plaintiff and members of the proposed class as described herein were the direct and proximate result of the Defendants' breaches of these implied contracts.

WHEREFORE, Plaintiff and the other members of the Class are entitled to damages and injunctive relief, including costs of suit and reasonable attorneys' fees.

## COUNT III

### VIOLATION OF FLORIDA'S UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201, *ET SEQ*.

53.     Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1-41 as if fully set forth herein.

54.     At all relevant times, the Plaintiff and the proposed Class Members were "consumers" within the meaning of FDUPTA.

55.     Apple engaged in trade and commerce in Florida.

56.     As alleged herein this Complaint, Apple engaged in unfair or deceptive acts or practices in the conduct of consumer transactions, in violation of the FDUTPA by failing to disclose that (a) it was purposefully slowing down the performance speed of older iPhone models and/or that (b) a battery replacement would improve the iPhone performance.

57.     As a direct and proximate result of Apple's violation of the FDUTPA, the Florida Plaintiff and the other members of the Class suffered damages.

58. Plaintiff brings this action on behalf of themselves and the other similarly situated members of Florida for the relief requested above and for the public benefit in order to promote the public interests in the provision of truthful, fair information to allow consumers to make informed purchasing decisions and to protect Plaintiff and other members of the Florida Class and the public from Apple's unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful practices. Apple's wrongful conduct as alleged in this Complaint has had widespread impact on the public at large.

59. The Plaintiff and other members of the class seek actual damages under Fla. Stat. § 501.211 (2) and all fees, costs, and expenses allowed by law, including attorney's fees and costs, pursuant to Federal Rule of Civil Procedure 23 and Fla. Stat. §§ 501.2105 and 501.211, to be proven at trial.

WHEREFORE, Plaintiff and the other members of the Class are entitled to damages and injunctive relief, including costs of suit and reasonable attorneys' fees

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all members of the proposed classes in this Complaint, respectfully requests that the Court enter judgment in their favor and against Apple as follows:

A. For an Order certifying the Classes, as defined herein, and appointing Plaintiff and his Counsel to represent the Nationwide Class, or in the alternative the Statewide Classes;

B. For an award of damages, as allowed by law in an amount to be determined;

C. For an award of attorneys' fees costs and litigation expenses, as allowable by law;

D. For prejudgment interest on all amounts awarded; and

E. Such other and further relief as this court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Dated: January 22, 2018**

*/s/ Joshua H. Eggnatz*
Joshua H. Eggnatz, Esq.
Fla. Bar No.: 0067926
Michael J. Pascucci
Fla. Bar No.: 83397
Steven Saul
Fla. Bar No.: 1002827
JEggnatz@JusticeEarned.com
MPascucci@JusticeEarned.com
SSaul@JusticeEarned.com
**EGGNATZ | PASCUCCI**
5400 S. University Drive, Ste. 417
Davie, FL 33328
Tel: (954) 889-3359
Fax: (954) 889-5913

*Attorneys for Plaintiff and the Class*